IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                       Criminal No. 3:02CR204

KEVIN ATHOL JAMES,

    Petitioner.

**MEMORANDUM OPINION**

Kevin Athol James, a federal inmate proceeding by counsel, brings this PETITION FOR RELIEF PER 28 U.S.C.A. § 2255 OR PER WRIT OF ERROR CORAM NOBIS ("§ 2255 Motion," and "Petition for Writ of Error Coram Nobis," ECF No. 47). The Government has responded, asserting that James's § 2255 Motion is untimely and he lacks entitlement to relief through a Petition for Writ of Error Coram Nobis. (ECF No. 50.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations and his attempt to bring a Petition for Writ of Error Coram Nobis will be denied.

**I. PROCEDURAL HISTORY**

On November 4, 2002, the Court entered judgment against James and sentenced him to 57 months of imprisonment for his conviction of conspiracy to distribute more than 100 kilograms of marijuana. (ECF No. 27, at 1-2.) James did not appeal. James was released from criminal custody in 2006. James apparently has been detained

by the United States Customs and Border Protection since March of 2017. (ECF No. 47, ¶¶ 4-5.)[1]

On January 10, 2018, counsel for James filed this § 2255 Motion/Petition for Writ of Error Coram Nobis. James contends that his counsel rendered ineffective assistance because he failed to inform him of the immigration consequences of his guilty plea, namely, that he would face mandatory deportation. (Id. ¶¶ 8-9.)

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No cause or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). As James has served his sentence and completed his term of supervised release, it is doubtful that he may bring this challenge pursuant to section 2255. See United States v. Major, 693 F. App'x 267, 268 (4th Cir. 2017) (citing United States v. Doe, 810 F.3d 132, 143 (3d Cir. 2015)); Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) (explaining that "in custody" requirement for the purposes of § 2255 extends through period of

---

[1] The Bureau of Prisons inmate locator notes that James was released from custody on August 22, 2016. See https://www.bop.gov/inmateloc/ (last visited June 5, 2019). Enter James's full name and follow "Search."

2

supervised release). Nevertheless, even if the § 2255 Motion is not moot, as discussed below, any such motion would be untimely.

## II. SECTION 2255 MOTION

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because James did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, November 19, 2002, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, James had until Wednesday, November 19, 2003 to file any motion under 28 U.S.C. § 2255. Because James did not file his § 2255 Motion until June 21, 2017, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

James does not argue that his § 2255 Motion should be deemed timely under any of the subsection of 28 U.S.C. § 2255(f).[2] Rather, to get around the limitation bar of § 2255, he argues that he is entitled to relief under the All Writs Act, 28 U.S.C. § 1651 and 18 U.S.C. § 3231 pursuant to a Petition for Writ of Error Coram Nobis.

---

[2] To the extent that the Court construes James to argue that he is entitled to a belated commencement of the limitation period or equitable tolling because he only learned that deportation was a consequence of his guilty plea in March 2017 when he was taken into ICE custody, that contention lacks merit. During sentencing, the Court asked counsel: "[W]ouldn't he be subject to deportation?" Counsel replied: "I think he would be subject to deportation, but I am not an immigration expert." (Nov. 4, 2002 Tr. 9.) The Court notified James during sentencing that James must surrender himself to an immigration official for deportation upon the completion of his term of imprisonment and notified him that "[a]s a further condition of supervised release if ordered deported he shall remain outside the United States." (Nov. 4, 2002 Tr. 15.) Thus, James was aware that he could be deported in

4

## III. WRIT OF ERROR CORAM NOBIS

James contends that he is entitled to bring a Petition for Writ of Error Coram Nobis in light of the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356, 374 (2010). In Padilla, the Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. See id. at 373-74. James argues that he did not make an earlier challenge to his guilty plea and sentence because he was not seized for deportation under March 2017.

An individual seeking coram nobis relief must satisfy four threshold prerequisites:

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (quoting United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012)). As explained below, James fails to satisfy the fourth

---

2002 and could have brought his claim that counsel deficiently failed to advise him of immigration consequences within the one-year limitation period.
    Further to the extent James contends that he is entitled to a belated commencement based on Padilla v. Kentucky, 559 U.S. 356, 374 (2010), as discussed in Part III, that contention is unavailing.

requirement because the rule announced in Padilla fails to apply to cases on collateral review.

### A. General Application Of The New Rule Doctrine

New rules of constitutional criminal procedure generally are not applicable to cases on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989). This principle protects the societal interest in the finality of convictions. Id. "'No one, not criminal defendants, not the judicial system, not society as a whole is benefitted by a judgment providing that a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation.'" Id. at 309 (quoting Mackey v. United States, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in judgments in part and dissenting in part)).

The Supreme Court has prescribed a three-step process for determining whether a constitutional rule of criminal procedure applies to a case on collateral review. Beard v. Banks, 542 U.S. 406, 411 (2004).

> First, the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed, and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually new. Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

Id. (citations omitted) (internal quotation marks omitted).

**B. <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010) Announced A New Rule**

In <u>Chaidez v. United States</u>, 568 U.S. 342 (2013), the Supreme Court concluded that "<u>Padilla</u> . . . announced a 'new rule'" with respect to any conviction that became final prior to the Supreme Court's decision in <u>Padilla</u> on March 31, 2010.[3] <u>Chaidez</u>, 568 U.S. at 354.

Under <u>Teague</u>, "new rules of constitutional law are generally 'not . . . applicable to those cases which have become final before the new rules are announced.'" <u>United States v. Mathur</u>, 685 F.3d 396, 399 (4th Cir. 2012) (omission in original) (quoting <u>Teague</u>, 489 U.S. at 310). <u>Teague</u> recognizes two narrow exceptions to the general rule of nonretroactivity. <u>Id.</u> (citations omitted). First, "a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." <u>Teague</u>, 489 U.S. at 311 (citations omitted) (internal quotation marks omitted). "Second, a new procedural rule should apply retroactively if it is . . . . [a] watershed rule[] implicating fundamental fairness." <u>Mathur</u>, 685 F.3d at 399 (citations omitted) (internal quotation marks omitted.) <u>Padilla</u> fails to fall within either of the above

---

[3] James's conviction became final on November 14, 2002, the last date to file a notice of appeal. See <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (1994).

7

exceptions to non-retroactivity. Mathur, 685 F.3d at 399-401.[4] Thus, the new rule doctrine bars James's request for coram nobis relief based on Padilla. See Chaidez, 568 U.S. at 358 (affirming lower court's determination that new rule doctrine barred request for coram nobis relief based on Padilla).

### III. CONCLUSION

For the foregoing reasons, James's § 2255 Motion will be dismissed as untimely and the Petition for Writ of Coram Nobis will be denied. The action (ECF No. 47) will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 8, 2019

---

[4] In Chaidez, the petitioner did not argue that he could satisfy either of Teague's exceptions. 568 U.S. at 347 n.3 (citations omitted).